JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

BENEFIT FUND FOR HOSPITAL AND HEALTH CARE EMPLOYEES ET AL.

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
SUSAN A. MURRAY, ESQUIRE, FREEDMAN & LORRY, P.C.
1601 MARKET STREET, SUITE 1500, PHILADELPHIA, PA 19103
SMURRAY@FREEDMANLORRY.COM (215) 931-2506

## DEFENDANTS

AMERICAN ACADEMIC HEALTH SYSTEM D/B/A HAHNEMANN UNIVERSITY HOSPITAL

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☒ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 USC 1132 AND 1145

Brief description of cause:
Collection of contractually obligated contributions owed to the Benefit, Pension, and Training and Upgrading Funds

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 05/02/2019

SIGNATURE OF ATTORNEY OF RECORD

SUSAN A. MURRAY, ESQUIRE

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _Benefit Fund for Hospital and Health Care Employees, et al., 1319 Locust Street, 3rd Floor, Philadelphia, PA 19107_

Address of Defendant: _American Academic Health System d/b/a Hahnemann University Hospital, 230 N. Broad Street, Philadelphia, PA 19102_

Place of Accident, Incident or Transaction: _____

**RELATED CASE, IF ANY:**

Case Number: _____     Judge: _____     Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?     Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?     Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?     Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?     Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is **not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _05/02/2019_     _____     _53036_
　　　　　　　　　　　　　　*Attorney-at-Law / Pro Se Plaintiff*　　　*Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☑ 11. All other Federal Question Cases
　　*(Please specify):* _ERISA_

B. *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
　　*(Please specify):* _____

---

**ARBITRATION CERTIFICATION**

*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _Susan A. Murray_, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☑ Relief other than monetary damages is sought.

DATE: _05/02/2019_     _____     _53036_
　　　　　　　　　　　　　　*Attorney-at-Law / Pro Se Plaintiff*　　　*Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Benefit Fund for Hospital and Health Care Employees, et al. | : | CIVIL ACTION |
| v. | : | |
| American Academic Health System d/b/a Hahnemann University Hospital | : | |
| | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.          ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (✓)

| | | |
|---|---|---|
| May 2, 2019 | Susan A. Murray, Esquire | |
| **Date** | **Attorney-at-law** | **Attorney for** Plaintiffs |
| (215) 931-2506 | (215) 925-7516 | smurray@freedmanlorry.com |
| | | |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BENEFIT FUND FOR HOSPITAL AND HEALTH CARE EMPLOYEES - PHILADELPHIA AND VICINITY and LAVERNE DEVALIA, Executive Director 1319 Locust Street, 3rd Floor Philadelphia, PA 19107 | : : : : : : | CIVIL ACTION No. |
| and | : : | |
| PENSION FUND FOR HOSPITAL AND HEALTH CARE EMPLOYEES - PHILADELPHIA AND VICINITY and LAVERNE DEVALIA, Executive Director 1319 Locust Street, 3rd Floor Philadelphia, PA 19107 | : : : : : : | |
| and | : : | |
| PHILADELPHIA HOSPITAL & HEALTH CARE EMPLOYEES – DISTRICT 1199C TRAINING AND UPGRADING FUND and CHERYL FELDMAN, Executive Director 100 South Broad Street, 10th Floor Philadelphia, PA 19110 | : : : : : : : | |
| Plaintiffs, | : : | |
| v. | : : : | |
| AMERICAN ACADEMIC HEALTH SYSTEM d/b/a HAHNEMANN UNIVERSITY HOSPITAL 230 N. Broad Street Philadelphia, PA 19102 | : : : : : | |
| Defendants. | : | |

## COMPLAINT

Plaintiffs, by undersigned counsel, complain about Defendant as follows:

**JURISDICTION**

1.      This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §§ 185(a), 1132 and 1145 and 28 U.S.C. §1367.

2.      A copy of this Complaint has been served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail.

**VENUE**

3.      Venue lies in the Eastern District of Pennsylvania under 29 U.S.C. §§ 185(a) or 1132(e)(2).

**PARTIES**

4.      Plaintiff, Benefit Fund for Hospital and Health Care Employees - Philadelphia and Vicinity ("Benefit Fund") is a trust fund established under 29 U.S.C. § 186(c)(5) and "multiemployer plan" and "employee benefit plan" within the meaning of 29 U.S.C. § 1002(37), (1) and (3). The Benefit Fund is administered within the Eastern District of Pennsylvania.

5.      Plaintiff, Pension Fund for Hospital and Health Care Employees - Philadelphia and Vicinity ("Pension Fund") is a trust fund established under 29 U.S.C. § 186(c)(5) and "multiemployer plan" and "employee benefit plan" within the meaning of 29 U.S.C. § 1002(37), (2) and (3). The Pension Fund is administered within the Eastern District of Pennsylvania.

6.      Plaintiff Laverne DeValia ("DeValia") is an executive director and fiduciary with respect to the Benefit Fund and the Pension Fund within the meaning of 29 U.S.C. § 1002 (21) with a business address as listed in the caption. She is authorized to bring this action on behalf of all Trustees of the Benefit Fund and all the Trustees of the Pension.

7.      Plaintiff, Philadelphia Hospital & Health Care – District 1199C Training and Upgrading Fund ("Training Fund") is a trust fund established under 29 U.S.C. § 186(c)(5) and "multiemployer plans" and "employee benefit plans" within the meaning of 29 U.S.C. § 1002(37), (1) and (3). The Training Fund is administered at the address listed in the caption.

8.      Plaintiff Cheryl Feldman ("Feldman") is an executive director and fiduciary with respect to the Fund within the meaning of 29 U.S.C. § 1002 (21) with a business address as listed in the caption. She is authorized to bring this action on behalf of all Trustees of the Training Fund.

9.      Defendant, American Academic Health System, LLC ("AAHS") d/b/a Hahnemann University Hospital is a limited liability company and is an employer in an industry affecting commerce with the meaning of 29 U.S.C. §§ 152 (2), (6) and (7), 1002(5), (11). AAHS is the parent company, owner and manager of Hahnemann University Hospital. AAHS has a business office at 222 N. Sepulveda Blvd., Suite 900, El Segundo, CA 90245 and operates Hahnemann University Hospital at the address listed in the caption.

## FACTS

10.     At all times relevant to this action, Defendants were party to a collective bargaining agreement with the National Union of Hospital and Health Care Employees, AFSCME, AFL-CIO, District 1199C ("Labor Contract").     A true and correct copy of the Labor Contract is hereto attached as Exhibit 1.

11.     Defendants also agreed to abide by the terms of the Declaration of Trust of the Funds as from time to time amended ("Trust Agreement") made between certain employers and employee representatives in an industry affecting interstate commerce to promote stable and peaceful labor relations.

12.     Under the Labor Contract or Trust Agreement, the Defendants agreed:

(a) To make full and timely payments on a monthly basis to the Funds;

(b) To file monthly remittance reports with the Funds detailing all employees or work for which contributions were required under the Labor Contracts;

(c) To produce, upon request by the Funds, all books and records deemed necessary to conduct an audit of the Employer corporate records concerning its obligation to the Fund; and

(d) To pay interest and liquidated damages and all costs of litigation expended by the Funds to collect any amounts due as a consequence of the Employers' failure to comply with its contractual obligations.

13.     Defendants have failed to submit contributions to the Pension Fund for March and remittance reports to the Pension Fund for February and March 2019. Defendants made a payment to the Pension Fund on April 30, 2019 in the amount of $900,000. Plaintiffs believe that Defendants' payment covers all of February 2019's contribution and most of March 2019's contribution. However, without the reports, Plaintiffs are unable to determine if there is a remaining delinquency. Based upon the monthly contributions made in previous months, $471,825.78, Defendants owe the Pension Fund $43,651.56 in contributions for the month of March 2019.

14.     Defendants have failed to submit contributions and remittance reports to the Benefit Fund for January 2019, February 2019, and March 2019. Based upon the monthly contributions made in December 2018 ($574,526.25), Defendants owe the Benefit Fund $1,723,578.75 in contributions for the months of January 2019, February 2019, and March 2019.

15.     Defendants have failed to submit contributions and remittance reports to the Training Fund for January 2019, February 2019, and March 2019. Based upon the monthly

contributions made in previous months, Defendants owe the Training Fund $95,589.00 in contributions for the months of January 2019, February 2019, and March 2019.

16.     On April 5, 2019, Fund Counsel wrote demand letters to Hahnemann on behalf of the Pension Fund and Benefit Fund.  On the same date, Fund Counsel wrote a separate demand letter to Hahnemann on behalf of the Training Fund.  The letters demand payment within ten days of the date of the letter. To date, none of the Plaintiffs have received payment of the outstanding contributions.  True and correct copies of the Pension Fund and Benefit Fund letters from April 5, 2019 is hereto attached as Exhibit 2 and Exhibit 3, respectively.  A true and correct copy of the Training Fund letter from April 5, 2019 is hereto attached as Exhibit 4.

**COUNT I**
**CONTRIBUTIONS UNDER CONTRACT**

17.     The allegations of Paragraphs 1 through 16 are incorporated by reference as if fully restated.

18.     Defendants owe the Pension Fund $43,651.56 in contributions for the month of March 2019, the Benefit Fund $1,723,578.75 in contributions for the months of January 2019, February 2019, and March 2019 and the Training Fund $95,589.00 in contributions for the months of January 2019, February 2019, and March 2019 under the Labor Contract.

19.     Defendants have not paid the Plaintiffs as required by the Labor Contract or Trust Agreement.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) Enter judgment against the Defendants and in favor of the Pension Fund for at least the sum of $43,651.56, plus any additional amounts which are found to be due and owing during the

pendency of this litigation, including liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection or enforcement of any judgment as provided in the Labor Contract or Trust Agreement.

(2) Enter judgment against the Defendants and in favor of the Benefit Fund for at least the sum of $1,723,578.75, plus any additional amounts which are found to be due and owing during the pendency of this litigation, including liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection or enforcement of any judgment as provided in the Labor Contract or Trust Agreement.

(3) Enter judgment against the Defendants and in favor of the Training Fund for at least the sum of $95,589.00, plus any additional amounts which are found to be due and owing during the pendency of this litigation, including liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection or enforcement of any judgment as provided in the Labor Contract or Trust Agreement

(4)  Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT II
## CONTRIBUTIONS UNDER ERISA

20.     The allegations of Paragraph 1 through 19 are incorporated by reference as if fully restated.

21.     Defendants owe the Pension Fund $43,651.56 in contributions for the month of March 2019, the Benefit Fund $1,723,578.75 in contributions for the months of January 2019, February 2019, and March 2019 and the Training Fund $95,589.00 in contributions for the months of January 2019, February 2019, and March 2019 in violation of 29 U.S.C. § 1145.

22.     Plaintiffs have been damaged by the Defendants' violation of 29 U.S.C. § 1145.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) Enter judgment against the Defendants and in favor of the Pension Fund for at least the sum of $43,651.56, plus any additional amounts which are found to be due and owing during the pendency of this litigation, including liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection or enforcement of any judgment as provided in the Labor Contract or Trust Agreement.

(2) Enter judgment against the Defendants and in favor of the Benefit Fund for at least the sum of $1,723,578.75, plus any additional amounts which are found to be due and owing during the pendency of this litigation, including liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection or enforcement of any judgment as provided in the Labor Contract or Trust Agreement.

(3) Enter judgment against the Defendants and in favor of the Training Fund for at least the sum of $95,589.00, plus any additional amounts which are found to be due and owing during the pendency of this litigation, including liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection or enforcement of any judgment as provided in the Labor Contract or Trust Agreement

(4) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT III
## AUDIT

23.     The allegations of Paragraph 1 through 22 are incorporated by reference as if fully restated.

24.     Defendants are obligated to permit the Plaintiffs to audit the Employers' corporate payroll records and to cooperate in determining the contributions due the Plaintiffs.

25.     The amount of contributions the Defendants are required to pay to the Plaintiffs is based upon wages paid to employees performing work covered by the Labor Contract.

26.     Plaintiffs are without sufficient information or knowledge to plead the precise nature, extent and amount of the Employers' delinquency since the books, records and information necessary to determine this liability are in the exclusive possession, custody and control or knowledge of the Employers and the Employers have failed to submit records or the required remittance reports for the period from January 2019 to the present. In addition, the Plaintiffs would like to audit the Employers' records for the year 2018 in that during that time period, Defendants made numerous mistakes in the preparation of the remittance reports submitted to the Plaintiffs.

27.     Employers are required by the Labor Contract, Trust Agreements or applicable law to permit the Plaintiffs to audit its records and to cooperate in determining the contributions due the Plaintiffs.

28.     Plaintiffs have no adequate remedy at law for the calculation of any damages suffered as a result of the breach itself requires an audit.

29.     All conditions precedent to equitable relief have been satisfied.

**WHEREFORE**, Plaintiffs ask that the Court:

(1)     Enjoin the Defendants, their officers, agents, servants, employees, attorneys and all others in active concert or participation with it to permit an audit of all records under the actual or constructive control of the Defendants and, in the absence of records, to cooperate in alternative methods for the determination of work for which contributions are due, and;

(2)    Grant such other or further relief, legal or equitable, as is just, necessary or appropriate.

## COUNT IV
## CONTRIBUTIONS UNDER CONTRACT AFTER AUDIT

30.    The allegations of Paragraph 1 through 29 are incorporated by reference as if fully restated.

31.    On information and belief, Defendants have failed to make contributions to the Funds as required by its Labor Contract or Trust Agreements in a period not barred by any applicable statute of limitations or similar bar.

32.    On information and belief, the Defendants have been damaged by the failure of the Defendants to make contributions as required by their Labor Contracts or Trust Agreement.

**WHEREFORE**, Plaintiffs ask that the Court:

(a)    After an audit, enter judgment against the Defendants in favor of the Plaintiffs for the amount of contributions found due and owing by an audit together with liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection and enforcement of any judgment, as provided in the Labor Contract or Trust Agreements.

(b)    Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT V
## CONTRIBUTIONS UNDER ERISA AFTER AUDIT

33.    The allegations of Paragraph 1 through 32 are incorporated by reference as if fully restated.

34.     On information and belief, the Plaintiffs have failed to make contributions to the Funds in violation of 29 U.S.C. § 1145 in a period not barred by an applicable statute of limitations or similar bar.

35.     The Plaintiffs are without sufficient information or knowledge to plead the precise nature, extent and amount of the Defendants' delinquency since the books, records and information necessary to determine this liability are in the possession, control or knowledge of the Defendants and the Defendants' failed to submit contribution reports for the period from in a January 2018 to the present.

36.     On information and belief, the Plaintiffs have been damaged by the Defendants violation of 29 U.S.C. §1145.

**WHEREFORE**, Plaintiffs ask that the Court:

(a)     After an audit, enter judgment against the Defendants in favors of the Plaintiffs for contributions found due and owing by the audit, together with interest at the rate prescribed by 26 U.S.C. §6621 from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the plan document or statute and reasonable attorneys' fees and costs incurred in this action and in connection with any proceedings to enforce or collect any judgment.

(b)     Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

Respectfully submitted,

FREEDMAN AND LORRY, P.C.

BY: _____

SUSAN A. MURRAY (ID NO. 53036)
1601 Market Street, Suite 200
Philadelphia, PA 19103
(215) 925-8400
Attorneys for Plaintiffs

Date: May 2, 2019

# EXHIBIT 1

## TENTATIVE AGREEMENT
### (Service and Maintenance)

DISTRICT 1199C, NATIONAL UNION OF HOSPITAL AND HEALTH CARE EMPLOYEES, AFSCME, AFL-CIO, herein the "Union," and CENTER CITY HEALTHCARE (HAHNEMANN UNIVERSITY HOSPITAL), agree to modify the current collective bargaining agreement as follows:

1.      Amend Article V, Sections 1 through 8 to reflect the following:

Effective upon ratification of this agreement, full-time employees shall receive a one-time bonus of $400 that shall not be added to the employee's base rate.  Part-time employees shall receive a prorated bonus based upon their regularly scheduled hours of work.

Effective January 1, 2019:  2.0% across the board and in the rate

Effective January 1, 2020:  2.0% across the board and in the rate

Effective January 1, 2021:  2.0% across the board and in the rate

2.      Create new language to read:

Preceptor Pay:  Any employee responsible for training or orienting an employee shall receive preceptor pay in the amount of $1.00 per hour.  Management will designate and assign employees as preceptors on a voluntary basis when appropriate.  When there are insufficient volunteers, management shall have the right to assign the work.

3.      Amend Article VI, STEP 2 to read:

**STEP TWO**.  The grievance shall be reduced to writing by the grievant or the Union and referred to the grievances Department Head or his/her authorized representative.  A hearing on the grievance shall be convened **within ten (10) days of receipt**, ~~if requested by either party~~.  The Department Head or his/her authorized representative shall have ten (10) days after **the hearing** ~~receipt of the grievance~~ to give his/her answer.  If no satisfactory settlement is reached within ~~five (5)~~ **ten (10)** days after the Department Head's answer the grievant or the Union may appeal the matter to –

4.      Amend Article VI, Effect of Failure to Appeal to read:

**Effect of Failure to Appeal**.  Any grievance shall be considered as settled on the basis of the last answer of Hahnemann if not appealed to the next step or to arbitration within the time limitations set forth herein.  **In the event that the Employer fails to answer a grievance in a timely manner, the grievance shall be deemed to be sustained.**  Time is of the essence.

1

5.    Amend Article XV, Section 1 to read:

1.    A shift differential of ten (10%) percent per hour of an employee's regular straight-time rate shall be paid to all employees **who are assigned to work at least half of their scheduled hours between** ~~assigned whose straight time hours start at or after~~ 2:00 P.M. and ~~before~~ 6:00 A.M. Shift differential shall be included when calculating an employee's holiday pay, sick pay or vacation pay only and shall not be included for any other benefit whatsoever. [*The Employer will endeavor to make this change in its payroll system within 90 days, to become effective at that time.  In the event the change takes more than 90 days, the Employer shall notify the Union with a new effective date*].

6.    Amend Article XVI, DEATH IN FAMILY to read:

In the event of the death of an employee's parent, spouse, child, brother, sister, mother-in-law, father-in-law, grandparent or grandchild, sister-in-law, brother-in-law, stepparent, stepbrother, stepsister and stepchildren an employee who has completed his/her probationary period will be allowed up to ~~three (3)~~ **five (5)** regular scheduled days off with pay at his/her regular straight time rate provided time off is taken between the date of death and the day following the funeral.  In the event the funeral is scheduled on a day that is not a regularly scheduled work day for the employee, s/he shall not receive any pay for that day under this provision.  Advance notice must be given to the employee's supervisor before any time off can be taken.

An employee shall be able to use vacation, personal or unpaid days to extend bereavement leave with the approval of the Department Head.

There shall be no duplication of payment that the employee may otherwise receive under this Agreement.  Proof of death and verification of relationship may be required **prior to the employee receiving bereavement pay**.

7.    Amend Article XVIII, Section 1 to read:

1.    Sick leave is defined as the absence of an employee from his/her regularly scheduled work because of illness or an injury which is non-work connected and not compensable under the Pennsylvania Worker's Compensation Laws.  An employee may use up to ~~two (2)~~ **three (3)** sick days or partial days per year to cover time lost from work for visits to the doctor or dentist, provided such time is requested at least five (5) working days in advance and approved.  Such approval shall not be unreasonably denied.  An employee may use up to two (2) sick days or partial sick days per year to cover time lost from work for care of an employee's parent, spouse, child, brother, sister, mother-in-law, father-in-law, grandparent or grandchild who are ill.

8.    Amend Article XVIII, Section 2 to read:

Upon the completion of a regular full-time employee's probationary period, s/he shall earn paid sick leave at the rate of one (1) day for each month of continuous employment up to a maximum of one hundred-thirty (130) days. **The Employer will indicate sick time balances on employee pay stubs.**

9.    Amend Article XIX, Section 2 to read:

In addition, an employee may request and be granted three (3) **twenty-four (24) hours of** personal holidays of their choice **(sixteen (16) hours of personal holidays for part-time employees)** provided fifteen (15) days advance notice is given and there is no conflict with the work schedule of the Department. In the event of an emergency, an employee may request the use of his/her three (3) personal holidays without giving fifteen (15) days advance notice provided, that advance approval is sought and obtained, with as must notice as possible and provided further that such approval shall not be unreasonably denied. Each regular full-time employee shall be paid the number of hours s/he is regularly scheduled to work at his/her regular straight-time rate, and each part-time employee shall be paid the number of hours s/he is regularly scheduled to work at his/her regular rate of pay on a pro-rata basis based upon the average hours per day s/he worked during the thirty (30) day period immediately preceding the holiday, provided that:

(a)    such employee has satisfactorily completed his/her probationary period preceding the taking of such holiday; and

(b)    such employee works his/her entire scheduled work day immediately proceeding and his/her entire scheduled work day immediately following the holiday, except for absence approved by Hahnemann.

10.   Amend Article XX, Section 2 to read:

| 2. | **Continuous Service** | **Paid Vacation (Eff. 1/1/19)** | **(Eff. 1/1/20)** |
|---|---|---|---|
| | One to Eight Years | 10 11 Work Days | **12 Work Days** |
| | Eight to Fifteen Years | 15 16 Work Days | **17 Work Days** |
| | Over Fifteen Years | 20 21 Work Days | **22 Work Days** |

(An employee who has worked for six (6) months bus less than one (1) year may take five (5) work days of their first year's vacation at that time).

— 3

11.    Amend Article XXI, Section 1 to reflect the following:

Effective July 1, 2018, the contribution percentage set forth in Article XXI, Section 1 shall be 36.4%. This rate may be increased by the Trustees of the Benefit Fund, if necessary, but not higher than a rate of 38.8%. Employees electing dependent coverage shall contribute an additional $10.00 per week effective July 1, 2018, and an additional $10.00 per week effective July 1, 2019. Employees electing employee only coverage shall contribute an additional $5.00 per week effective July 1, 2019.

12.    Amend Article XXVIII, Section 1 to reflect the following:

The parties adopt the Rehabilitation Plan, Schedule A, adopted by the Pension Trustees in 2017 and which sets forth a contribution rate of $21.55%.

13.    Amend XXXIII to read:

Hahnemann agrees to continue its uniform policy as heretofore. Those employees who are required to wear uniforms and who are not provided uniforms shall receive a uniform allowance of ~~$135.00~~ **$175.00** annually payable in three (3) payments on August 15, December 15, and April 15 of each contract year. These payments will be received in a separate check.

**Unit Clerks will order five (5) white button down shirts and two navy blue cardigans by August 30, 2018. Beginning in 2019, Unit Clerks will receive two (2) white button down shirts and one navy blue cardigan each year until the expiration of the CBA. Unit Clerks will therefore not receive an allowance.**

**PCAs will have scrubs provided for them each year and will not receive an allowance.**

14.    Create a Side Letter to read:

It shall be the objective of the Employer, consistent with operational needs and management's right, to assign plant operations work to bargaining unit employees. The current job description for the General Mechanic provides that employees in that position may be assigned to a variety of task across crafts. While it is the intent of the Employer to assign work within craft or job title, the Employer reserves its right to assign work to the General Mechanic across all crafts. Further, as the current job descriptions for all positions within plant operations provide that employees may be assigned to a variety of tasks, the Employer reserves the right in an emergency situation or a situation requiring expedited action, to assign work to employees within a particular craft or trade across crafts and trades. It is the Employer's preference to assign employees within their craft or trade.

15.    Create a Side Letter to read:

The parties agree to meet within ninety (90) days of ratification of the agreement, or anytime thereafter, to address any issues in assigning overtime within any department.

16.    Create a Side Letter to read:

    The Employer agrees to maintain the current cost of employees' parking for the remainder of the agreement unless the Employer provides a better benefit to any other unit of employees.

17.    Create Side Letter to read:

    The Employer and the Union agree to meet within ninety (90) days to negotiate changes to the current attendance policy, including allowing the Employer to beginning the progressive discipline process on the eleventh call-out for current employees, and on the eight call-out for employees hired after the effective date of this agreement.  The parties will also address other issues with the attendance policy.

18.    The Employer shall restore any paid leave time utilized by members of the bargaining committee to attend negotiations sessions for the 2018 negotiations with the Employer.

FOR THE EMPLOYER:                    FOR THE UNION:

_____        _____

Date:_____            Date:_____

5

**TENTATIVE AGREEMENT**
**(Technical)**

DISTRICT 1199C, NATIONAL UNION OF HOSPITAL AND HEALTH CARE EMPLOYEES, AFSCME, AFL-CIO, herein the "Union," and CENTER CITY HEALTHCARE (HAHNEMANN UNIVERSITY HOSPITAL), agree to modify the current collective bargaining agreement as follows:

1.     Amend Article V, Sections 1 through 8 to reflect the following:

Effective upon ratification of this agreement, full-time employees shall receive a one-time bonus of $400 that shall not be added to the employee's base rate. Part-time employees shall receive a prorated bonus based upon their regularly scheduled hours of work.

Effective January 1, 2019: 2.0% across the board and in the rate

Effective January 1, 2020: 2.0% across the board and in the rate

Effective January 1, 2021: 2.0% across the board and in the rate

2.     Create new language to read:

Preceptor Pay: Any employee responsible for training or orienting an employee shall receive preceptor pay in the amount of $1.00 per hour. Management will designate and assign employees as preceptors on a voluntary basis when appropriate. When there are insufficient volunteers, management shall have the right to assign the work.

3.     Amend Article VI, STEP 2 to read:

**STEP TWO.** The grievance shall be reduced to writing by the grievant or the Union and referred to the grievances Department Head or his/her authorized representative. A hearing on the grievance shall be convened **within ten (10) days of receipt.** if requested by either party. The Department Head or his/her authorized representative shall have ten (10) days after **the hearing** receipt of the grievance to give his/her answer. If no satisfactory settlement is reached within five (5) **ten (10)** days after the Department Head's answer the grievant or the Union may appeal the matter to –

4.     Amend Article VI, Effect of Failure to Appeal to read:

**Effect of Failure to Appeal.** Any grievance shall be considered as settled on the basis of the last answer of Hahnemann if not appealed to the next step or to arbitration within the time limitations set forth herein. **In the event that the Employer fails to answer a grievance in a timely manner, the grievance shall be deemed to be sustained.** Time is of the essence.

5.     Amend Article XXXI – CALL BACK & ON CALL to reflect the following:

Increase on-call pay from $3.00 per hour to $5.00 per hour.  Provide on-call pay for all employees scheduled to be on call.

6.     Amend Article XIII - SHIFT DIFFERENTIAL to read:

1.     A shift differential of ten (10%) percent per hour of an employee's regular straight-time rate shall be paid to all employees **who are assigned to work at least half of their scheduled hours between** ~~assigned whose straight-time hours start at or after~~ 2:00 P.M. and ~~before~~ 6:00 A.M.  Shift differential shall be included when calculating an Employee's holiday, vacation or sick pay only, and shall not be included for any other benefit whatsoever.  *[The Employer will endeavor to make this change in its payroll system within 90 days, to become effective at that time.  In the event the change takes more than 90 days, the Employer shall notify the Union with a new effective date]*.

7.     Amend Article XIV, DEATH IN FAMILY to read:

In the event of the death of an employee's parent, spouse, child, brother, sister, mother-in-law, father-in-law, grandparent or grandchild, sister-in-law, brother-in-law, stepparent, stepbrother, stepsister and stepchildren an employee who has completed his/her probationary period will be allowed up to ~~three (3)~~ **five (5)** regular scheduled days off with pay at his/her regular straight time rate provided time off is taken between the date of death and the day following the funeral.  In the event the funeral is scheduled on a day that is not a regularly scheduled work day for the employee, s/he shall not receive any pay for that day under this provision.  Advance notice must be given to the employee's supervisor before any time off can be taken.

An employee shall be able to use vacation, personal or unpaid days to extend bereavement leave with the approval of the Department Head.

There shall be no duplication of payment that the employee may otherwise receive under this Agreement.  Proof of death and verification of relationship may be required **prior to the employee receiving bereavement pay**.

8.     Amend Article XXVI, Section 1 – SICK LEAVE to read:

1.     Sick leave is defined as the absence of an employee from his/her regularly scheduled work because of illness or an injury which is non-work connected and not compensable under the Pennsylvania Worker's Compensation Laws.  An employee may use up to ~~two (2)~~ **three (3)** sick days or partial days per year to cover time lost from work for visits to the doctor or dentist, provided such time is requested at least five (5) working days in advance and approved.  Such approval shall not be unreasonably denied.  An employee may use up to two (2) sick days or partial sick days per year to cover time lost from work for care of an employee's parent, spouse, child, brother, sister, mother-in-law, father-in-law, grandparent or grandchild who are ill.

2

9.    Amend Article XVI, Section 2 – VACATION to read:

| 2.  Continuous Service | Paid Vacation (Eff. 1/1/19) | (Eff. 1/1/20) |
|---|---|---|
| One to Five Years | ~~10~~ 11 Work Days | **12 Work Days** |
| Five to Fifteen Years | ~~15~~ 16 Work Days | **17 Work Days** |
| Over Fifteen Years | ~~20~~ 21 Work Days | **22 Work Days** |

(An employee who has worked for six (6) months bus less than one (1) year may take five (5) work days of their first year's vacation at that time).

10.    Amend Article XXVII, Section 1 to reflect the following:

Effective July 1, 2018, the contribution percentage set forth in Article XXI, Section 1 shall be 36.4%. This rate may be increased by the Trustees of the Benefit Fund, if necessary, but not higher than a rate of 38.8%. Employees electing dependent coverage shall contribute an additional $10.00 per week effective July 1, 2018, and an additional $10.00 per week effective July 1, 2019. Employees electing employee only coverage shall contribute an additional $5.00 per week effective July 1, 2019.

11.    Amend Article XXIX, Section 1 to reflect the following:

The parties adopt the Rehabilitation Plan, Schedule A, adopted by the Pension Trustees in 2017 and which sets forth a contribution rate of $21.55%.

12.    Amend XXXIII to read:

Hahnemann agrees to continue its uniform policy as heretofore. Those employees who are required to wear uniforms and who are not provided uniforms shall receive a uniform allowance of ~~$140.00~~ **$175.00** annually payable in three (3) payments on August 15, December 15, and April 15 of each contract year. These payments will be received in a separate check.

13.    Create a Side Letter to read:

The parties agree to meet within ninety (90) days of ratification of the agreement, or anytime thereafter, to address any issues in assigning overtime within any department.

14.    Create a Side Letter to read:

The Employer agrees to maintain the current cost of employees' parking for the remainder of the agreement unless the Employer provides a better benefit to any other unit of employees.

3

15.    Create Side Letter to read:

    The Employer and the Union agree to meet within ninety (90) days to negotiate changes to the current attendance policy, including allowing the Employer to beginning the progressive discipline process on the eleventh call-out for current employees, and on the eight call-out for employees hired after the effective date of this agreement.  The parties will also address other issues with the attendance policy.

16.    The Employer shall restore any paid leave time utilized by members of the bargaining committee to attend negotiations sessions for the 2018 negotiations with the Employer.

FOR THE EMPLOYER:                    FOR THE UNION:

Date: _____            Date:_____

EXHIBIT 2



# FREEDMAN & LORRY, P.C.

ATTORNEYS AT LAW AND PROCTORS IN ADMIRALTY
Susan A. Murray
215-931-2506
smurray@freedmanlorry.com

April 5, 2019

*VIA EMAIL AND FIRST CLASS MAIL*
Melissa Alfieri, HR Director
Hahnemann University Hospital
Human Resources, MS 371
230 N. Broad Street
Philadelphia, PA  19102

**Re:   Pension Fund for Hospital and Health Care Employees – Philadelphia and Vicinity**
- **Contributions and Remittance Reports Delinquency**

Dear Ms. Alfieri:

As you know, this office represents the Pension Fund for Hospital and Healthcare Employees-Philadelphia and Vicinity ("Fund"). According to the Fund's records, Hahnemann University Hospital ("Hahnemann") has not submitted the contribution and remittance report for the month of February 2019.

Under applicable federal law, the Fund is required to collect the outstanding contributions due and owing the Fund. The Fund would like to settle this matter in an amicable fashion. Please be advised that if the outstanding reports and contributions are not received within ten days from the date of this letter, the Fund has authorized this office to proceed with legal action.

In the event that litigation becomes necessary, Hahnemann's costs will substantially increase, including not only the contributions, interest and liquidated damages, but also attorneys' fees and costs pursuant to 29 U.S.C. § 1132 (g)(2). I trust such action is not required.

If you or your legal counsel has any questions, please feel free to call me.

Sincerely,

FREEDMAN AND LORRY, P.C.

SUSAN A. MURRAY

SM/vs

cc:   Laverne DeValia, Executive Director
Pam Smith-Strite

# EXHIBIT 3



ATTORNEYS AT LAW AND PROCTORS IN ADMIRALTY
Susan A. Murray
215-931-2506
smurray@freedmanlorry.com

April 5, 2019

*VIA EMAIL AND FIRST CLASS MAIL*
Melissa Alfieri, HR Director
Hahnemann University Hospital
Human Resources, MS 371
230 N. Broad Street
Philadelphia, PA  19102

Re: **Benefit Fund for Hospital and Health Care Employees – Philadelphia and Vicinity**
-   **Contributions and Remittance Reports Delinquency**

Dear Ms. Alfieri:

As you know, this office represents the Benefit Fund for Hospital and Healthcare Employees-Philadelphia and Vicinity ("Fund"). According to the Fund's records, Hahnemann University Hospital ("Hahnemann") has not submitted contributions and remittance reports for the months of January and February 2019.

Under applicable federal law, the Fund is required to collect the outstanding contributions due and owing the Fund. The Fund would like to settle this matter in an amicable fashion. Please be advised that if the outstanding reports and contributions are not received within ten days from the date of this letter, the Fund has authorized this office to proceed with legal action.

In the event that litigation becomes necessary, Hahnemann's costs will substantially increase, including not only the contributions, interest and liquidated damages, but also attorneys' fees and costs pursuant to 29 U.S.C. § 1132 (g)(2). I trust such action is not required.

If you or your legal counsel has any questions, please feel free to call me.

Sincerely,

FREEDMAN AND LORRY, P.C.

SUSAN A. MURRAY

SM/vs

cc:  Laverne DeValia, Executive Director
Pam Smith-Strite

1601 Market Street • Suite 1500 • Philadelphia, PA 19103 • 215-925-8400 • Fax: 215-925-7516 • Toll Free 888-999-1962
811 Church Road • Suite 214 • Cherry Hill, NJ 08002 • 856-317-2201 • Fax: 856-320-2764 • Toll Free 888-271-1006
100 Magnolia Road • Suite 2204 • Pinehurst, NC 28374 • Toll Free 888-999-1962

# EXHIBIT 4



ATTORNEYS AT LAW AND PROCTORS IN ADMIRALTY
Susan A. Murray
215-931-2506
smurray@freedmanlorry.com

April 4, 2019

*VIA EMAIL AND FIRST CLASS MAIL*
Melissa Alfieri, HR Director
Hahnemann University Hospital
Human Resources, MS 371
230 N. Broad Street
Philadelphia, PA 19102

> Re: Philadelphia Hospital and Health Care Employees-District 1199C Training and
> Upgrading-Delinquent Contributions and Outstanding Remittance Reports

Dear Ms. Alfieri:

This office represents the Philadelphia Hospital and Health Care Employees-District 1199C Training &
Upgrading Fund ("Fund"). According to the Fund, Hahnemann University Hospital ("HUH") owes the
Fund contributions and remittance reports for the months of January 2019 and February 2019. Remittance
reports for September 2018, October 2018, and November 2018 are also owed to the Fund. As you know,
March 2019's contribution and remittance report will be due by April 30, 2019.

Under applicable federal law, the Fund is required to collect the outstanding contributions due and
owing the Fund. The Fund would like to settle this matter in an amicable fashion. As such, this letter
represents the Fund's final demand for the outstanding contributions and remittance reports before
litigation is instituted in United States District Court for the Eastern District of Pennsylvania. Please be
advised that if the outstanding remittance reports and contributions are not received within ten days from
the date of this letter, the Fund has authorized this office to proceed with legal action.

In the event that litigation becomes necessary, HUH's costs will substantially increase, including
not only the contributions, interest and liquidated damages, but also attorneys' fees and costs pursuant to
29 U.S.C. § 1132 (g)(2). I trust such action is not required. If payment and reports are not received within
ten (10) days from the date of this letter the Fund may initiate legal proceedings in this matter.



If you or your legal counsel should have any questions, please do not hesitate to contact me.

Sincerely,

FREEDMAN AND LORRY, P.C.

SUSAN A. MURRAY

SM/vs

cc:  Elizabeth Hammond